**Samuel Raymond VAN WOUDENBERG, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–95–19.**

Court of Criminal Appeals of Oklahoma.

June 30, 1997.

---

1. 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80    L.Ed.2d 674 (1984).

Janet Chesley, Patrick J. Ehlers, Oklahoma Indigent Defense System, Capital Post Conviction, Norman, for Petitioner.

W.A. Drew Edmondson, Attorney General of Oklahoma, Sandra D. Howard, Assistant Attorney General, Oklahoma City, for Respondent.

## OPINION DENYING POST–CONVICTION RELIEF

JOHNSON, Judge:

Petitioner, Sammy Van Woudenberg, was tried along with Terrance James in the District Court of Muskogee County in Case No. CRF–83–64 and convicted of the first degree murder of Mark Berry. Petitioner and Terrance James were each convicted and sentenced to death. Petitioner's conviction and sentence were affirmed by this Court. *Van-Woundenberg v. State*, 720 P.2d 328 (Okl. Cr.), *cert. denied*, 479 U.S. 956, 107 S.Ct. 447, 93 L.Ed.2d 395 (1986).

His first application for post-conviction relief was denied by the district court on May 20, 1987. On September 24, 1987, this Court issued an unpublished order adopting the district court's order denying post-conviction

relief. *Van Woudenberg v. State*, No. PC–87–633 (Okl.Cr. Sept. 24, 1987). A second petition for a writ of certiorari was denied by the Supreme Court on January 19, 1988. *Van Woudenberg v. Oklahoma*, 484 U.S. 1036, 108 S.Ct. 763, 98 L.Ed.2d 780 (1988). Petitioner's second application for post-conviction relief was denied on September 23, 1988. The order denying post-conviction relief was affirmed by this Court. *VanWoundenberg v. State*, 818 P.2d 913 (Okl.Cr.1991), *cert. denied*, 503 U.S. 993, 112 S.Ct. 1693, 118 L.Ed.2d 405 (1992).[1] On March 9, 1994, Petitioner filed a petition for writ of habeas corpus in the Eastern District of Oklahoma.[2]

This third post-conviction application was filed August 2, 1994. An evidentiary hearing was conducted in the District Court of Muskogee County, written summations were filed, and the district court denied relief. It is from that denial that Petitioner is before this Court on appeal.

■■■ Petitioner is asking this Court to again review the validity of his conviction and sentence. He raises one (1) proposition of error. Post-conviction review is intended to be a very limited inquiry. The Post–Conviction Procedure Act outlines procedures for a defendant to challenge a conviction and sentence after relief has been denied on direct appeal. 22 O.S.1991, §§ 1080 *et seq.* However, the Act is not intended to provide a second or even a third appeal. *Stiles v. State*, 902 P.2d 1104, 1105 (Okl.Cr.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1257, 134 L.Ed.2d 206 (1996). Consequently, issues which were raised and decided on direct appeal are barred by *res judicata*. *Castro*, 880 P.2d at 388; *Fowler v. State*, 873 P.2d 1053, 1056 (Okl.Cr.1994), *cert. denied*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). Issues which could have been raised on direct appeal but were not are waived. *Castro*, 880 P.2d at 388; *Fowler*, 873 P.2d at 1056–57.

1. Here, this Court found the heinous, atrocious or cruel aggravating circumstance to be invalid but reweighed the remaining factors and upheld the death sentence.

2. In the course of discovery in the federal habeas corpus proceeding, counsel uncovered documents which indicated that two of the inmate witnesses had given second statements to the officers investigating the incident. Counsel determined these statements to be exculpatory.

In his single proposition of error, Petitioner asserts that the State's failure to disclose material exculpatory evidence denied him a fair adversarial testing of the prosecution's case, or, in the alternative, the ineffective assistance of trial counsel denied him a fair trial. We find the State did not fail to disclose exculpatory evidence and Petitioner was not deprived of the effective assistance of trial counsel.

■ Petitioner claims that prior to trial, he was not provided with certain exculpatory statements made by Clem Edward Garvin and Hunter Odell Rose, both inmate witnesses to the murder. The trial court conducted an evidentiary hearing on this issue. Testimony was given by Petitioner's trial counsel, William Creekmore Wallace, II, that in 1989 he discovered that his legal files had been destroyed by a flood. Therefore, he could not now state with certainty that he never had the subject statements.[3] However, when Wallace released the Van Woudenberg case to the Appellate Public Defender's Office, he had duplicated the entire file keeping a copy for himself and releasing the original. It was Wallace's copy of the original which was destroyed. Wallace was told by the Appellate Public Defender that they had nothing in their file regarding these statements. Consequently, we have no tangible record of whether these statements were or were not disclosed to the defense. Without such a record, the definitive absence of this evidence can not be proven.

In our analysis of this issue we are guided by the Supreme Court case of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Brady* holds that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87, 83 S.Ct. at 1196–97. Specifically, the standards by which the prosecution's conduct is to be measured are as follows: 1) Was there suppression of evidence by the prosecution after a request by the defense was made?; 2) Was the evidence favorable for the defense?; and 3) Was the evidence material? *Moore v. Illinois*, 408 U.S. 786, 794–95, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972). Therefore, did the State fail to disclose these requested statements? Were the statements favorable to Petitioner? Were they material? In light of the above discussion, there is no definitive answer to the question of whether the subject statements were turned over to the defense prior to trial. We are left to make that determination by carefully reviewing the trial transcripts, with particular attention paid to the testimony of witnesses Garvin and Rose.

Upon review, we find the trial transcripts indicate that defense counsel was aware of the statements in question. During the direct and cross-examinations of both Garvin and Rose, there were references made to statements made later on February 6 and 7, 1983. At no time did defense counsel object or indicate in any way that he was unaware of the second, or later statements. Further, defense counsel was able to bring out the criminal histories of each of the witnesses and to impeach their versions of the killing. It was clear in the examination of each Garvin and Rose that they had told their stories on several occasions and that the stories tended to change by leaving out details or adding new ones.

A review of the evidence overall shows that the statements were not withheld. It is the burden of the party claiming that the evidence has been withheld to show that the evidence was, in fact, withheld. *Sadler v. State*, 846 P.2d 377, 382 (Okl.Cr.1993). That burden has not been met here.

■ The next inquiry is whether the allegedly withheld evidence is exculpatory.

---

**3.** In an earlier affidavit, Wallace stated that he "strongly believed" that he did not have the documents. He later testified at the hearing that he was "convinced beyond a reasonable doubt" that he did not have these documents. These disparate statements, as well as, the passage of time cast some doubt on the accuracy of Wallace's memory. Wallace appears, in hindsight, to believe that if he had had these statements that he would have done something with them. This by itself is not enough to conclude that Wallace had no knowledge of the statements at the time of trial.

This involves demonstrating that the evidence was favorable to the defense and "material" in that there is a reasonable probability that, had it been disclosed to the defense, the result of the proceeding would have been different. *Sadler*, 846 P.2d at 383. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This Court has long emphasized that the "mere possibility" that an item of undisclosed information might have affected the outcome of the trial does not establish "materiality" in the constitutional sense. *Brown v. State*, 753 P.2d 908, 911 (Okl.Cr.1988), *quoting United States v. Agurs*, 427 U.S. 97, 109–110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976). A constitutional error sufficient to require a new trial exists only "if the omitted evidence creates a reasonable doubt that did not otherwise exist." *Agurs*, 427 U.S. at 112, 96 S.Ct. at 2402.

■ Upon review of the trial transcripts and the entire record below, it is clear that the statements which are now claimed to be exculpatory did not contain as much information as the trial testimony of Garvin and Rose. This testimony implicated Petitioner as the lookout for the murder and accomplice after the fact. As outlined above, defense counsel thoroughly cross-examined both Garvin and Rose about the statements they were making at trial against their earlier recorded statements to the investigators and at the preliminary hearing. Finally, with respect to materiality, the alleged exculpatory evidence must be considered in the context of the entire record. *Sadler*, 846 P.2d at 383. *See also Paxton v. State*, 867 P.2d 1309, 1318 (Okl.Cr.1993), *cert. denied*, 513 U.S. 886, 115 S.Ct. 227, 130 L.Ed.2d 153 (1994). We find the evidence was not material.

In reaching our conclusion, we are guided by the Supreme Court's recent decision in *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). *Kyles* provides that the question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. *Kyles*, 514 U.S. at 434, 115 S.Ct. at 1566.

Taking this case as a whole, the statements in question cannot be deemed exculpatory as they are less complete and less conclusive than those statements produced at trial. Petitioner has not established that the subject evidence, if separately admitted, would have created a reasonable doubt that did not otherwise exist. The jury had sufficient evidence before it to discredit the testimony of Garvin and Rose, as well as the key witness against Petitioner, Dennis Brown. Petitioner has not shown that the absence of this evidence denied him a fair trial.

■ With respect to Petitioner's alternative claim of ineffective assistance of trial counsel we find no merit. To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A review for effective assistance of counsel must be evaluated in light of the entire record. As outlined above, we find that defense counsel made an ardent attempt to test the credibility of the two witnesses in question, as well as, the key witness, Dennis Brown. This Court has noted that counsel is not deemed ineffective where the presentation of certain evidence might have cast some shadow of a doubt on a pertinent fact when there is no reasonable probability that it would have. *Fontenot v. State*, 881 P.2d 69, 86 (Okl.Cr.1994). This claim must fail.

### DECISION

The Judgment and Sentence of the trial court is **AFFIRMED**.

CHAPEL, P.J., and STRUBHAR, V.P.J., and LANE, J., concur.

LUMPKIN, J., concurs in results.

LUMPKIN, Judge, concur in results.

I concur in the decision to deny post-conviction relief in this case. However, I write separately to address the following.

Initially, this application should be reviewed under the pre–1995 amendments to

the post-conviction statute. Further, this is a **third** post-conviction application, therefore we apply 22 O.S.1991, § 1086. Under Section 1086, the principles of *res judicata* and waiver apply respectively to issues adjudicated in prior post-conviction applications and those issues which could have been raised but were not. *See Hale v. State,* 934 P.2d 1100, 1101–02 (Okl.Cr.1997); *Newsted v. State,* 908 P.2d 1388, 1391 (Okl.Cr.1995); *Fowler v. State,* 896 P.2d 566, 568–569 (Okl. Cr.1995); *Fox v. State,* 880 P.2d 383, 384 (Okl.Cr.1994); *Smith v. State,* 878 P.2d 375, 377 (Okl.Cr.1994); *Mann v. State,* 856 P.2d 992, 995 (Okl.Cr.1993); and *Johnson v. State,* 823 P.2d 370, 372 (Okl.Cr.1991).

The proposition raised in the present case could have been raised and addressed in both the direct appeal and the prior post-conviction application. In fact, as the opinion relates it is revealed in the transcript of the trial. Therefore, the issue has been waived. We should not address it on the merits and give any semblance of credibility to the viability of the issue. Petitioner has exhausted all his state remedies and this Court should set an execution date.