**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

SAMUEL RAYMOND
VAN WOUDENBERG, #86881, by
and through his Special Guardian
CHARLES V. FOOR,

        Petitioner-Appellant,

v.

GARY GIBSON, Warden, Oklahoma
State Penitentiary; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

        Respondents-Appellees.

No. 98-7167

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA
### (D.C. No. 97-CV-80-P)

Gary M. Chubbuck (John Dexter Marble with him on the briefs), of Chubbuck
Smith & Rhodes, Oklahoma City, Oklahoma, for Petitioner-Appellant.

Robert L. Whittaker, Assistant Attorney General (W.A. Drew Edmondson,
Attorney General of Oklahoma, with him on the brief), Oklahoma City,
Oklahoma, for Respondents-Appellees.

Before **SEYMOUR** , Chief Judge,  **ANDERSON** , and  **MURPHY** , Circuit Judges.

**SEYMOUR** , Chief Judge.

_____

Petitioner Samuel Raymond Van Woudenberg was convicted of first degree

murder and sentenced to death in Oklahoma.  The Oklahoma Court of Criminal

Appeals affirmed the conviction and death sentence.         _See VanWoundenberg_  [sic]

_v. State_ ,[1] 720 P.2d 328 (Okla. Crim. App.),      _cert. denied_ , 479 U.S. 956 (1986).

That court also affirmed the denial of three applications for post-conviction relief.

_See  VanWoundenberg_  [sic]  _v. State_ , No. PC-87-633 (Okla. Crim. App. Sept. 24,

1987) (unpublished opinion),     _cert. denied_ , 484 U.S. 1036 (1988);

_VanWoundenberg_  [sic]  _v. State_ , 818 P.2d 913 (Okla. Crim. App. 1991),      _cert._

_denied_ , 503 U.S. 993 (1992);    _Van Woudenberg v. State_   , 942 P.2d 224 (Okla.

Crim. App. 1997).

Mr. Van Woudenberg filed a petition for writ of habeas corpus in federal

district court, and subsequently filed a third application for state post-conviction

relief.  The federal district court dismissed the habeas petition without prejudice

to allow for exhaustion of state court remedies.  The state trial court denied relief

on the third application after holding an evidentiary hearing.  Mr. Van

_____

[1]There is a discrepancy between and within state and federal filings with
respect to whether petitioner's last name consists of one or two words.
Additionally, the Oklahoma Court of Criminal Appeals appears to have misspelled
petitioner's last name in its 1986, 1987, and 1991 opinions.

Woudenberg then filed another petition for writ of habeas corpus. Thereafter, the Oklahoma Court of Criminal Appeals affirmed the trial court's denial of the third application for post-conviction relief. *See Van Woudenberg v. State*, 942 P.2d 224 (Okla. Crim. App. 1997). The federal district court later denied habeas relief, as well as a certificate of appealability (COA) on all issues.

This court granted a COA on the following issues: (1) the state competency proceedings were unconstitutional; (2) the prosecution engaged in misconduct by presenting coerced and false testimony, making improper closing arguments, and withholding exculpatory evidence; (3) the trial court failed to instruct on an accessory-after-the-fact defense; (4) Oklahoma appellate resentencing is unconstitutional; and (5) the district court improperly upheld the Oklahoma appellate court's reweighing and harmless error analysis.[2] We affirm the judgment of the district court.

---

[2]This court denied a COA on the following issues: (1) denial of a second preliminary hearing after a co-defendant became a witness violated Mr. Van Woudenberg's constitutional rights; (2) failure to sever the trial and sentencing proceedings denied him a fair trial; (3) jury selection was unconstitutional; (4) trial counsel was ineffective; (5) there was insufficient evidence of guilt; (6) excessive security measures in view of the jury prejudiced Mr. Van Woudenberg; (7) introduction of inflammatory and improper exhibits at the sentencing proceeding was fundamental error; (8) there was insufficient evidence that Mr. Van Woudenberg intended the victim be killed; and (9) racial prejudice played a role in the conviction.

# I

## BACKGROUND

Mark Allen Berry, Terrance James, and Dennis Brown were co-defendants in a federal case involving theft of government property. All three had pled guilty to the federal charge and were incarcerated in the Muskogee City/Federal Jail, where inmates had free access to all cells and to the common areas.

Mr. James and Mr. Brown believed Mr. Berry had snitched on them and they decided to get revenge. Mr. Brown testified that while they were discussing what to do to Mr. Berry, Mr. Van Woudenberg entered their cell, joined in the discussion, and suggested they kill Mr. Berry. According to Mr. Brown, Mr. Van Woudenberg removed a wire from a broom and demonstrated how it could be used to strangle Mr. Berry. Mr. Van Woudenberg also suggested hanging Mr. Berry to make the death look like a suicide. However, Mr. James testified that Mr. Van Woudenberg did not help plan the murder, because there was no plan.

Mr. Brown testified that on the morning of the murder, Mr. Van Woudenberg approached Mr. James and Mr. Brown and asked them if they were ready. He also testified that Mr. Van Woudenberg placed a piece of paper over the lens of a surveillance camera and served as a lookout. Mr. James testified to the contrary, stating Mr. Van Woudenberg assumed no role.

The following facts are undisputed. Mr. Brown asked Mr. Berry to play cards. As they were doing so, Mr. James walked behind Mr. Berry and wrapped the wire around his neck, strangling him while Mr. Brown held him and covered his mouth. During the strangling someone, who two witnesses identified as Mr. Van Woudenberg, warned that someone else was coming. Mr. James then dragged Mr. Berry into a cell and continued strangling him. After Mr. Berry's body went limp, Mr. Brown, Mr. James, and Mr. Van Woudenberg hung Mr. Berry's body in a shower stall.

The jury found Mr. Van Woudenberg guilty of first degree murder.[3] At the sentencing stage of trial, the State sought the death penalty on the basis of three aggravating factors: the murder was especially heinous, atrocious, or cruel; Mr. Van Woudenberg would constitute a continuing threat to society; and the murder was committed while Mr. Van Woudenberg was serving a sentence after conviction of a felony. In addition to the evidence introduced at the guilt stage, the State offered as aggravating evidence the fact that Mr. Van Woudenberg was serving a life sentence for a murder conviction; had escaped from prison, kidnaped two women, and subsequently been convicted of kidnaping; had pried vents from the jail ceiling and used them to make weapons; and was found with

---

[3]The jury also found Mr. James guilty of first degree murder. He was sentenced to death. Mr. Brown entered a plea of guilty to second degree murder and received a thirty-five year sentence.

hacksaw blades in his shoe at the preliminary hearing.  In mitigation, Mr. Van Woudenberg testified that he did not discuss or have the idea for the murder, did not act as a lookout, did not demonstrate anything with the wire or take the wire off the broom, and did not keep any weapons made from the vents.  Mr. Van Woudenberg also presented evidence of his turbulent and abusive childhood and history of drug problems.  The jury found all three aggravating factors, determined they outweighed the mitigating factors, and fixed Mr. Van Woudenberg's punishment at death.

Because Mr. Van Woudenberg filed his most recent habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), our appeal is governed by the provisions of AEDPA.  *See Hooks v. Ward*, 184 F.3d 1206, 1213 (10th Cir. 1999).  The appropriate standard of review depends on whether a claim was decided on the merits in state court.  "If the claim was not heard on the merits by the state courts, and the federal district court made its own determination in the first instance, we review the district court's conclusions of law *de novo* and its findings of fact, if any, for clear error." *LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999).  If a claim was adjudicated on its merits by the state courts, a petitioner will be entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Thus, we may grant the writ if we find the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. [4] *Williams v. Taylor*, 98-8384, 2000 WL 385369, at *28.

## II

## COMPETENCY

A petitioner is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and if] he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (quotation omitted). Mr. Van Woudenberg claims the state deprived him of procedural due process when it found him competent to stand trial using an improper burden of proof standard.

---

[4]We may not issue the writ simply because we conclude in our independent judgment that the state court applied the law erroneously or incorrectly. Rather, we must be convinced that the application was also objectively unreasonable. *Williams*, 2000 WL 385369, at *26-27.

-7-

He also claims he was denied substantive due process because he was incompetent at the time of his trial.

## A.      *Procedural Competency Claim*

A petitioner can assert a procedural competency claim by alleging that the trial court either failed to hold a competency hearing after the defendant's mental competence was put in issue, *see Walker v. Attorney Gen.*, 167 F.3d 1339, 1343 (10th Cir.), *cert. denied*, 120 S. Ct. 449 (1999), or held a competency hearing but employed an unconstitutional burden of proof, *see Rogers v. Gibson*, 173 F.3d 1278, 1290 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 944 (2000). In this case, the state trial court held a competency hearing for Mr. Van Woudenberg but it required him to prove incompetence by "clear and convincing evidence," a standard which has since been found unconstitutional by the Supreme Court. *See Cooper v. Oklahoma*, 517 U.S. 348, 369 (1996) (holding standard "incompatible with the dictates of due process," because it "allow[ed] the State to put to trial a defendant who is more likely than not incompetent.") [5] Thus, Mr. Van

---

[5]Because the state trial court held Mr. Van Woudenberg to an unconstitutional standard for proving incompetency, its decision is not entitled to a presumption of correctness and it is as if no competency hearing was held at all. *See Wallace v. Ward*, 191 F.3d 1235, 1242 (10th Cir. 1999) (citing *Barnett v. Hargett*, 174 F.3d 1128, 1135 (10th Cir. 1999)); *Walker v. Attorney Gen.*, 167 F.3d 1339, 1345 (10th Cir.), *cert. denied*, 120 S. Ct. 449 (1999)).

Woudenberg has a valid procedural incompetency claim based on this deficiency in his competency hearing.

The government argues Mr. Van Woudenberg has not exhausted his procedural competency claim, and thus urges us to find it procedurally barred. The government's exhaustion argument is correct. Although Mr. Van Woudenberg raised this claim in his first post-conviction application, he did not appeal the state court's denial of relief on this issue to the Oklahoma Court of Criminal Appeals. Although a procedural competency claim may be procedurally barred, *Rogers*, 173 F.3d at 1289, AEDPA also permits a federal court to deny habeas relief on the merits of an unexhausted claim instead of applying the bar. *See* 28 U.S.C. § 2254(b)(2). Accordingly, we proceed to the merits.

In order to prevail on a procedural competency claim, a petitioner must establish that the state trial judge ignored facts raising a "bona fide doubt" regarding the petitioner's competence to stand trial. *See Walker*, 167 F.3d at 1343. "Evidence of irrational behavior, demeanor at trial, and prior medical opinion regarding competence are relevant to a bona fide doubt inquiry." *Wallace*, 191 F.3d 1243.

The record does not show a bona fide doubt regarding Mr. Van Woudenberg's competency. Mr. Van Woudenberg was evaluated by Dr. Ganaden, a psychiatrist at Eastern State Hospital. Dr. Ganaden testified at the competency

-9-

hearing that Mr. Van Woudenberg was not suffering from a psychotic disorder and his conversation was coherent, sequential, connected, and relevant. Dr. Ganaden concluded that Mr. Van Woudenberg understood the nature of the charges against him, was capable of assisting counsel in defending against those charges, and was therefore competent.

Mr. Van Woudenberg submits Dr. Ganaden's evaluation did not comport with reasonable psychological and psychiatric standards for determining competency because the evaluation lasted only one hour; it involved no consideration of organic brain damage or major mental illnesses; Dr. Ganaden did not obtain Mr. Van Woudenberg's medical and social history from independent sources; Dr. Ganaden failed to review information concerning Mr. Van Woudenberg's past and present physical condition; and Dr. Ganaden conducted no testing, other than an IQ test, and failed to review prior testing results. Even if we had doubts about the adequacy of the evaluation, however, Mr. Van Woudenberg points to no evidence at the time of trial raising a doubt as to his competency.

Testifying in his own defense during the second stage of trial, Mr. Van Woudenberg responded rationally, coherently, logically, and responsively to the questions asked. *See Foster v. Ward*, 182 F.3d 1177, 1191 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1438 (2000). The trial judge, who had ample opportunity to

assess Mr. Van Woudenberg's ability to understand the proceedings and assist counsel during the trial, did not indicate any concerns about his competency. *See id.* at 1191. From our reading of the record, moreover, it does not appear that Mr. Van Woudenberg engaged in any irrational or unusual behavior during trial which would have alerted the court to question his competency. *See Bryson*, 187 F.3d at 1204.

In light of the evidence of Mr. Van Woudenberg's competency at the time of trial, Dr. Patricia Fleming's opinion that Mr. Van Woudenberg was mentally impaired based on her evaluation eleven years after trial does not establish a bona fide doubt as to Mr. Van Woudenberg's competency at the relevant time. *See Foster*, 182 F.3d at 1191 (competence evaluation, made ten years after trial, does not necessarily generate sufficient doubt). Likewise, Mr. Van Woudenberg's subsequent adjudication of incompetency on November 28, 1994, making him currently ineligible for the death penalty, does not prove his incompetency at the time of trial. Finally, given the evidence to the contrary, Mr. Van Woudenberg's history of mental illness, his low IQ, and his deprived and abusive background do not raise a bona fide doubt that he was incompetent when he was tried.

The federal district court noted it had found Mr. Van Woudenberg competent when it heard the federal kidnaping charges near the time of the murder and one year prior to Mr. Van Woudenberg's pretrial competency hearing

in state court. Mr. Van Woudenberg contests the district court's consideration of these "extra-record" materials. We note, however, that the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979). Contrary to Mr. Van Woudenberg's assertions, he had ample opportunity to question the accuracy of these materials, either at the state or federal proceedings. In any event, he fails to indicate now what, if anything, is inaccurate about them.

In light of the evidence of Mr. Van Woudenberg's competency, including his trial testimony, we conclude he has not raised a bona fide doubt regarding his ability to understand the proceedings or to assist his counsel in preparing a defense. *See Smallwood v. Gibson*, 191 F.3d 1257, 1279 (10th Cir. 1999).

**B.      *Substantive Competency Claim***

A petitioner may make a substantive competency claim by alleging he was, in fact, tried and convicted while mentally incompetent. *See Walker*, 167 F.3d at 1344. A substantive mental competency claim may not be procedurally barred. *Rogers*, 173 F.3d at 1289. In order to prevail on this claim, Mr. Van Woudenberg must demonstrate by clear and convincing evidence a real, substantial and legitimate doubt as to his competence to stand trial. *Id.* at 1291 & n.13 (quoting *Walker*, 167 F.3d at 1343). Because Mr. Van Woudenberg does not meet the less

-12-

rigorous "bona fide doubt" standard discussed above, *a fortiori* he fails to pass this more stringent test. *See id.*

### III

### PROSECUTORIAL MISCONDUCT

**A.** *Improperly Obtained Tainted Testimony*

We next turn to Mr. Van Woudenberg's argument that the prosecution coerced, coached, and knowingly used false testimony from Mr. Brown that Mr. Van Woudenberg was the source of the idea to kill Mr. Berry. Mr. Van Woudenberg unsuccessfully raised this claim in his first application for post-conviction relief and did not present it on appeal to the Oklahoma Court of Criminal Appeals. Without addressing exhaustion or procedural bar, the federal district court held Mr. Van Woudenberg failed to rebut by clear and convincing evidence the state trial court's findings of fact that Mr. Brown was not threatened or coached by the prosecution. This unexhausted claim may be denied on its merits. *See* 28 U.S.C. § 2254(b)(2).

The prosecution may not deliberately deceive the court or jury by presenting false testimony. *See Mooney v. Holohan*, 294 U.S. 103, 112 (1935). The petitioner bears the burden of proving the prosecutor knowingly presented

false testimony. *See Smith v. Gibson*, 197 F.3d 454, 460 (10th Cir. 1999). Mr. Van Woudenberg has failed to meet this burden.

First, there is no evidence that Mr. Brown's testimony was false. Although Mr. Brown subsequently signed an affidavit stating he was coerced into testifying against Mr. Van Woudenberg to avoid the death penalty himself, the affidavit does not state that his testimony was false. Nor does it negate or contradict the facts of the crime. Second, even if there were indications that Mr. Brown had perjured himself, Mr. Van Woudenberg has not pointed to any evidence that the prosecutor was aware that the testimony might be false. *See Medina v. Barnes*, 71 F.3d 363, 367 (10th Cir. 1999). Accordingly, this claim fails.

## B. *Improper Closing Arguments*

Mr. Van Woudenberg argues the prosecutor made various improper comments that individually or cumulatively resulted in fundamental error. On direct criminal appeal, the Oklahoma Court of Criminal Appeals determined this claim was not properly preserved because counsel either failed to object or, when he did object, failed to request the trial court to admonish the jury. The court then summarily stated, without citing to state or federal law or referring to any specific comments, that it had reviewed the comments and determined they did not affect the verdict or sentence. *See VanWoundenberg* [sic], 720 P.2d at 334.

While its treatment of the issue was cursory, the state court indicated it was disposing of the claim on the merits. *See Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) (summary decision can constitute adjudication on the merits if decision was reached on substantive rather than procedural grounds). Contrary to the state's assertions, where a claim has been considered on the merits, a state procedural bar will not preclude federal habeas review. *See Hooks v. Ward*, 184 F.3d 1206, 1215 (10th Cir. 1999) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 801-03 (1991)). Because the state court's decision was on the merits, we apply the post-AEDPA standard of review. Thus, we must uphold the Oklahoma Court of Criminal Appeals' decision if our independent review persuades us it is not contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence presented. *See Lytle*, 196 F.3d at 1178. "[W]e owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Id.* at 1177.

Generally, a prosecutor's improper remark will require reversal of a state conviction only where the remark sufficiently infected the trial to make it fundamentally unfair and, therefore, a denial of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 645 (1974). Inquiry into the fundamental fairness of a trial can be made only after examining the entire proceedings, *see id.* at 643, and reviewing the strength of the evidence against the petitioner, *see Fero*

*v. Kerby*, 39 F.3d 1462, 1474 (10th Cir. 1994). Ultimately, we must consider the jury's ability to judge the evidence fairly in light of the prosecutor's conduct. *See id.* If the alleged prosecutorial misconduct denied the petitioner a specific constitutional right, however, a habeas claim may be established without requiring proof the entire trial was rendered fundamentally unfair. *See Paxton v. Ward*, 199 F.3d 1197, 1217 (10th Cir. 1999); *Brecheen v. Reynolds*, 41 F.3d 1343, 1355 (10th Cir. 1994).

The prosecutor stated it was "absolutely uncontradicted" that Mr. Van Woudenberg, Mr. Brown, and Mr. James met and discussed killing Mr. Berry. Mr. Van Woudenberg argues this was an improper comment on his failure to testify during the first stage of trial. A prosecutor's comment on a criminal defendant's failure to testify implicates a specific constitutional right. *See Griffin v. California*, 380 U.S. 609, 613-15 (1965). The prosecutor may, however, comment on the defendant's failure to present evidence or call witnesses. *See Trice v. Ward*, 196 F.3d 1151, 1167 (10th Cir. 1999). The challenged comment falls into the latter category. The prosecutor merely indicated, correctly, that there was no evidence contrary to the state's evidence regarding the conversation between the three men. The comment did not improperly call attention to Mr. Van Woudenberg's failure to testify. *See Nguyen v. Reynolds*, 131 F.3d 1340,

1358 (10th Cir. 1997) (comments did not clearly point out petitioner's failure to testify or create impression only petitioner could rebut statement).

The rest of the comments Mr. Van Woudenberg challenges do not implicate specific constitutional rights. Mr. Van Woudenberg objects to the prosecutor's statements characterizing him as a "dangerous person," and implying that he had threatened Mr. James into giving false testimony. These comments were inaccurate at best and deceptive at worst. There was no evidence that Mr. Van Woudenberg threatened Mr. James or that Mr. James was afraid of him. While we disapprove of these tactics, we do not find the comments rendered the trial fundamentally unfair.

The prosecutor also told the jury in his closing argument: "The only drug that Terrence James was under on February 6, 1983, was Sammy Van Woudenberg. And I'll deal with that drug in a minute." Although this type of name-calling is undesirable, it did not impede the jury's ability to judge the evidence fairly. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) ("[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned.").

In his second stage closing argument, the prosecutor stated that Mr. Van Woudenberg told Mr. Brown and Mr. James not to stab Mr. Berry because they would get caught. Mr. Van Woudenberg correctly argues there was no evidence

that such an exchange took place or that the two men ever considered stabbing Mr. Berry. The trial court sustained defense counsel's objection to this comment and admonished the jury to disregard it. In light of this, plus the strong aggravating and weak mitigating evidence presented at the second stage, we are not persuaded this comment rendered the second stage fundamentally unfair.

Finally, Mr. Van Woudenberg believes the cumulative effect of these comments constitutes fundamental error. A cumulative-error analysis aggregates all the errors that individually have been found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they are not harmless. *United States v. Rivera*, 900 F.2d 1462, 1470 (10th Cir. 1990). "Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1989), *cert. denied*, 526 U.S. 1025 (1999). As stated previously, not all of the comments Mr. Van Woudenberg objects to were in error. Those that were do not render the trial fundamentally unfair, even when they are taken together. The Oklahoma Court of Criminal Appeals' determination was not contrary to or an unreasonable interpretation of clearly established Supreme Court precedent.

## C. *Withholding Exculpatory Evidence*

Mr. Van Woudenberg argues the prosecutor failed to provide him with exculpatory and material second statements from witnesses Clem Edward Garvin and Hunter Odell Rose in violation of the rule set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). On appeal, this argument is conclusory and unsupported. For this reason alone, the argument could be rejected. *See Moore*, 195 F.3d at 1180 n.17. Nevertheless, because this is a capital case, we will address the claim.

"To establish a *Brady* violation, petitioner bears the burden of showing that the prosecution suppressed material evidence favorable to petitioner." *Moore*, 195 F.3d at 1164. Suppressed exculpatory evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987) (citation omitted). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

On review of the denial of Mr. Van Woudenberg's third application for post-conviction relief, the Oklahoma Court of Criminal Appeals analyzed the *Brady* claim under these standards. *See Van Woudenberg*, 942 P.2d at 227-28.

Relying on the trial transcripts, the court first found that Mr. Van Woudenberg had not put forth sufficient evidence indicating the statements had been suppressed. The trial transcript contains references to the fact that Mr. Garvin and Mr. Rose had made more than one statement. Moreover, at the post-conviction evidentiary hearing, trial counsel could not state for a fact that he had not received copies of the second statements. [6] The Oklahoma Court of Criminal Appeals pointed out that at trial counsel never objected or indicated that he was unaware of these statements, and concluded that the statements had not been withheld. *Id.* at 227. We will not second-guess this finding. We agree with the federal district court that Mr. Van Woudenberg has not rebutted by clear and convincing evidence the presumption of correctness afforded to the Oklahoma Court of Criminal Appeals' finding. *See* 28 U.S.C. § 2254(e)(1).

The state appellate court also concluded the statements were not exculpatory and, in the context of the entire record, were not material:

> Taking this case as a whole, the statements in question cannot be deemed exculpatory as they are less complete and less conclusive than those statements produced at trial. Petitioner has not established that the subject evidence, if separately admitted, would have created a reasonable doubt that did not otherwise exist. The jury had sufficient evidence before it to discredit the testimony of Garvin and Rose, as well as the key witness against Petitioner, Dennis Brown. Petitioner has not shown that the absence of this evidence denied him a fair trial.

---

[6]Apparently trial counsel's files were destroyed in a flood and there was some confusion as to which documents he had at the time of trial.

*Van Woudenberg*, 942 P.2d at 228. Based on the record, we agree. Even if Mr. Van Woudenberg could prove the prosecution withheld evidence, we are not persuaded the evidence would create "a reasonable doubt that did not otherwise exist." *United States v. Agurs*, 427 U.S. 97, 112 (1976); *see also Foster*, 182 F.3d at 1192. The state court's decision on this issue was not an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d)(2).

## IV

### FAILURE TO INSTRUCT ON THEORY OF DEFENSE

Mr. Van Woudenberg claims the trial court's failure to instruct on his defense that he was merely an accessory after the fact to the murder deprived him of his Fourteenth Amendment right to due process. On direct appeal, the Oklahoma Court of Criminal Appeals held "[t]he trial court correctly ruled that being an accessory to a felony is a separate substantive offense, and is not a lesser offense included within the felony. *Williams v. State*, 620 P.2d 421 (Okla. Cr[im. App]. 1980). The trial court would have erred in giving such an instruction." *VanWoundenberg* [sic], 720 P.2d at 335. The federal district court agreed and further noted that Mr. Van Woudenberg was not precluded from arguing his theory of defense to the jury.

Mr. Van Woudenberg submits the Oklahoma Court of Criminal Appeals and federal district court misapplied *Williams* because the defendant in *Williams* did not present an accessory after the fact defense at trial and never requested such an instruction. Mr. Van Woudenberg also maintains he was not requesting the trial court to characterize accessory after the fact as a lesser included offense of first degree murder, but rather to instruct the jury that participation as an accessory after the fact precluded a finding of first degree murder.

State trial courts are not constitutionally required to instruct on offenses that are not lesser included offenses of the charged crime. *See Hopkins v. Reeves*, 524 U.S. 88 (1998). Mr. Van Woudenberg is thus arguing a violation of state law. Federal habeas relief is not permitted for state law errors. *See Rose v. Hodges*, 423 U.S. 19, 22 (1976). Moreover, nothing precluded Mr. Van Woudenberg from presenting his defense, and the jury was free to find him not guilty of first degree murder. It is clear the jury rejected his defense and found the State had proved the elements of first degree murder.

## V

## DEPRIVATION OF RIGHT TO JURY BY APPELLATE RESENTENCING

Mr. Van Woudenberg argues Oklahoma's appellate resentencing procedure

violates due process because he is guaranteed a right to trial by jury under the Oklahoma Constitution. *See* Okla. Const. art. II, § 19. According to Mr. Van Woudenberg, the Oklahoma Court of Criminal Appeals has never determined that the Oklahoma Constitution permits the reweighing of facts in appellate resentencing. Respondents correctly argue that this claim was never presented to the federal district court. We therefore need not consider it. *See Moore*, 195 F.3d at 1181.

Even if Mr. Van Woudenberg's argument were properly before us, it would not succeed. The Oklahoma Court of Criminal Appeals has endorsed appellate resentencing, *see*, *e.g.*, *Castro v. State*, 749 P.2d 1146, 1148 (Okla. Crim. App. 1988), and we are bound by that court's interpretation of state law, *see Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

## VI

### REWEIGHING AND HARMLESS ERROR ANALYSIS

In reviewing the denial of the second application for post-conviction relief, the Oklahoma appellate court recognized that the trial court had instructed the jury on the "especially heinous, atrocious, or cruel" aggravating circumstance in a manner which was later found by *Maynard v. Cartwright*, 486 U.S. 256 (1988), to be unconstitutionally vague. *See VanWoundenberg* [sic], 818 P.2d at 915. It then

-23-

held it had "the authority to review any remaining aggravating circumstances and the mitigating evidence to determine the validity of the death sentence." *Id.* at 916.

In *Clemons v. Mississippi*, 494 U.S. 738, 741 (1990), the Supreme Court held that a petitioner's constitutional rights are not "infringed where an appellate court invalidates one of two or more aggravating circumstances found by the jury, but affirms the death sentence after itself finding that the one or more valid remaining aggravating factors outweigh the mitigating evidence." Alternatively, the appellate court may engage in harmless error review. *See id.* at 745. The Oklahoma Court of Criminal Appeals therefore correctly determined it had the authority to review the remaining aggravating circumstances and mitigating evidence to determine the validity of the death sentence. It upheld the jury's decision, and the federal district court declined to grant habeas relief on this issue.

Mr. Van Woudenberg asserts the Oklahoma Court of Criminal Appeals' decision is contrary to and an unreasonable application of *Clemons*. He faults the Oklahoma Court of Criminal Appeals for failing to analyze whether the remaining aggravators outweighed the mitigating circumstances. He also argues the court did not find beyond a reasonable doubt that the jury would have imposed the death sentence absent the unconstitutional aggravator. Mr. Van Woudenberg

maintains the Oklahoma appellate court committed constitutional error when it failed either to mention the mitigating evidence or to discuss the prosecutor's reliance on the unconstitutional aggravator and the jury's reluctance to impose the death sentence.

The portion of the opinion in which the Oklahoma Court of Criminal Appeals purports to set forth both its reweighing and harmless error analyses is as follows:

> [O]ur appellate review, including a reweighing of the remaining valid aggravating circumstances and the mitigating evidence, reveals that sufficient evidence existed to support the remaining aggravating circumstances beyond a reasonable doubt and the imposition of the death penalty as a result.

*VanWoundenberg* [sic], 818 P.2d at 917.

Although we are troubled that the Oklahoma Court of Criminal Appeals' opinion contains such a cursory reweighing analysis, we conclude that the reweighing is constitutionally sufficient. This court rejected arguments similar to Mr. Van Woudenberg's in *Ross v. Ward*, 165 F.3d 793, 801-02 (10th Cir.), *cert. denied*, 120 S. Ct. 208 (1999). We considered there whether the Oklahoma district and appellate courts adequately discussed their reweighing of Mr. Ross' aggravating and mitigating factors. Mr. Ross claimed that the reweighing done in that case by the state district court was brief and conclusory, did not list or discuss the mitigating evidence, and failed to note the emphasis placed on the

invalid aggravator by the prosecutor. He also asserted that the state appellate court affirmed the reweighing without analysis. *See id* . at 801. We concluded that a reviewing court need only determine that the state court actually reweighed, *see id.* at 802, and that failing to mention mitigating evidence alone did not make the reweighing unconstitutional, *see id.* at 801 (citing *Richmond v. Lewis* , 506 U.S. 40, 49 (1992)).

In the present case, it is clear that the Oklahoma Court of Criminal Appeals recognized the proper standard for reweighing. Significantly, it noted:

> This approach of reweighing the aggravating circumstances against the mitigating evidence to determine the validity of the death sentence focuses on the individual circumstances of the homicide and the characteristics of each defendant. It ensures that the death penalty will not be "wantonly" or "freakishly" imposed. *Furman v. Georgia* , 408 U.S. at 310, 92 S. Ct. at 2762.

*VanWoundenberg* [sic], 818 P.2d at 917. The court then stated without analysis that it had reweighed the remaining valid aggravating circumstances and mitigating evidence. *Id.* Although it failed to mention the mitigating evidence and did not discuss the emphasis the prosecution may have placed on the invalid aggravator, we are persuaded by its opinion that the Oklahoma Court of Criminal Appeals "actually reweighed." We stress, however, that this treatment of the issue by the Oklahoma Court of Criminal Appeals scrapes at the very bottom of what is required by *Richmond* and *Clemons* . Reweighing courts would better

serve the interests of justice in reaching "an individualized and reliable sentencing determination based on the defendant's circumstances, his background, and the crime" by setting forth their reasoning. *Clemons*, 494 U.S. at 749. Nevertheless, we conclude here that the Oklahoma Court of Criminal Appeals' reweighing process was not contrary to the Supreme Court precedent established in *Clemons*. *See* 28 U.S.C. § 2254(d)(1).

Having concluded that the Oklahoma Court of Criminal Appeals actually reweighed, we review the court's determination under the narrow standard set forth in AEDPA. *See* 28 U.S.C. § 2254(d)(1)-(2). It is uncontroverted that Mr. Van Woudenberg was serving a sentence after conviction of a felony. The facts of the murder along with other evidence of Mr. Van Woudenberg's dangerous and criminal behavior, including his escape from prison, support the jury's conclusion that he is a continuing threat to society. Thus, the record amply supports the remaining two aggravating factors. The mitigating evidence Mr. Van Woudenberg presented included a turbulent and abusive childhood, a history of drug and alcohol abuse, and psychiatric and behavioral problems. Mr. Van Woudenberg also testified to his limited involvement in the crime. Viewing this evidence as a whole, we conclude the Oklahoma Court of Criminal Appeals

decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. [7]

We **AFFIRM** the district court's denial of Mr. Van Woudenberg's petition for habeas relief.

---

[7]Because the state appellate court properly reweighed, it was unnecessary under *Clemons* for it also to have conducted a harmless error analysis. *See Trice v. Ward*, 196 F.3d 1151, 1172 (10th Cir. 1999). For the purposes of our review, therefore, any deficiencies in the harmless error analysis are irrelevant.