F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HAROLD GRAHAM,

          Petitioner-Appellant,

v.

ARISTEDES ZAVARAS, Executive
Director DOC; MARK MCKINNA,
Warden CTCF,

          Respondents-Appellees.

No. 96-1494
(D.C. No. 95-N-2742)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before KELLY and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

This matter is before the court on petitioner's application for a certificate of appealability, which we construe as an application for a certificate of probable cause,[1] to appeal from the denial of his habeas corpus petition filed under 28 U.S.C. § 2254. Accepting the recommendation of the magistrate judge, the district court found that petitioner's claims were procedurally barred. The court also declined to consider issues petitioner raised in his objection to the magistrate judge's recommendation but had not raised in his petition. We conclude that petitioner has failed to make a substantial showing of a denial of a federal constitutional right. We therefore deny his request for a certificate of probable cause and dismiss the appeal.

---

[1]    The Supreme Court recently held that the new provisions of Chapter 153 of Title 28 of the United States Code, which includes § 2253(c) requiring certificates of appealability, added by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) are generally not applicable to cases filed before AEDPA's effective date, April 24, 1996. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997). Thus, Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), has been overruled to the extent that Lennox held that § 2253(c) applied to habeas petitions filed prior to AEDPA's effective date. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *1 n.2 (10th Cir. Oct. 1, 1997) (en banc). Because the habeas petition in this case was filed prior to that date, petitioner is not subject to AEDPA, but he is subject to § 2253's previous requirement that he obtain a certificate of probable cause to appeal. Regardless of which label applies, petitioner's substantive burden is the same. As we held in Lennox, both certificates of probable cause and of appealability require that a petitioner "make a substantial showing of the denial of a federal constitutional right." 87 F.3d at 434.

-2-

Petitioner was originally convicted of aggravated incest and sexual assault on a child as part of a pattern of abuse. Because of inconsistent testimony by the victim's mother in a separate case regarding whether she was married to petitioner, the trial court granted petitioner's motion for judgment of acquittal with respect to his aggravated incest conviction. His sexual assault conviction was obtained under Colo. Rev. Stat. § 18-3-405(2)(c).[2] Sexual assault on a child under § 405(1) is a class 4 felony, see § 405(2), but § 405(2)(c) enhances it to a class 3 felony when the offense is committed as part of a pattern of sexual abuse. The pattern of sexual abuse that the state alleged against petitioner included incidents occurring both before and after the effective date of the enhancement portion of the statute. Because "[t]he jury was not instructed that defendant's conviction of the predicate offense had to be based on an act which occurred after the passage of this portion of the statute," the Colorado Court of Appeals reversed the enhancement under § 405(2)(c) on ex post facto grounds but affirmed the conviction under § 405(1). See People v. Graham, 876 P.2d 68, 72, 73 (Colo. Ct. App. 1994). Petitioner is serving an eight-year sentence in a Colorado penitentiary for the sexual assault on a child conviction.

Petitioner has filed a variety of documents both in this court and the district court raising an assortment of issues in varying levels of clarity and consistency.

_____

[2]     Section 405(2)(c) has since been recodified as § 405(2)(d).

Because he is proceeding pro se, we construe these documents liberally. He raises the following substantive issues on appeal in addition to his contention that the district court erred in finding his claims procedurally barred: (1) that the state trial court lacked jurisdiction and venue over the charged offenses; (2) that the jury was improperly instructed and was tainted because it considered incidents occurring outside the court's jurisdiction; (3) that sexual assault and incest are the same offenses for double jeopardy purposes; (4) that his trial counsel was ineffective for failing to investigate; (5) that the state interfered with his legal representation by the public defender by limiting the amount of time counsel had available for his defense; (6) that the prosecution knowingly used perjured testimony and that the jury heard perjured testimony; (7) that the trial judge was biased due to his personal relationship with the prosecutor; and (8) that the prosecution was guilty of misconduct for presenting evidence of uncharged conduct and perjured testimony.[3]

Where as in this case, the district court refers the matter to the magistrate judge for a recommendation, a party must present timely and specific objections to the magistrate judge's recommendation to preserve issues for appellate review.

---

[3] Petitioner also contends that his appellate counsel was ineffective and that he was denied his right to self-representation on appeal, but we understand these contentions to apply only to his claim that other issues should not be considered procedurally defaulted.

See United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir.), cert. denied, 117 S. Ct. 271 (1996). Petitioner did file a timely objection to the magistrate judge's recommendation, but he did not mention, much less argue that he did not procedurally default, the third, seventh and eighth issues. We therefore will not consider those issues on appeal.

Petitioner's claim that the jury was improperly instructed and was tainted by improper evidence is actually part of his claim that the trial court did not have jurisdiction or venue over the offense. Petitioner was tried in Jefferson County, but some of the alleged incidents of sexual abuse occurred in Park County. Both counties are in Colorado. Petitioner contends that under the Colorado Constitution, Jefferson County did not have jurisdiction or venue over the acts that occurred in Park County. He also contends that the jury was not instructed to find that the incidents of sexual abuse had to have occurred in Jefferson County. However, a violation of the Colorado Constitution's jurisdictional mandates does not raise a federal constitutional issue for which habeas relief may be obtained. See Caudill v. Scott, 857 F.2d 344, 345-46 (6th Cir. 1988); Cook v. Morrill, 783 F.2d 593, 595-96 (5th Cir. 1986). Thus, there is no merit to claims one and two.

Petitioner's claims that his counsel was ineffective (1) for failing to perform an adequate pretrial investigation, and (2) because of the workload of the public defender's office, fail because he has not shown what evidence an

adequate investigation would have disclosed nor how he has been prejudiced.  See Hatch v. Oklahoma, 58 F.3d 1447, 1457 (10th Cir. 1995), cert. denied, 116 S. Ct. 1881 (1996).  His fourth and fifth claims thus fail.

Petitioner contends that the jury was tainted by a witness's perjury and that the prosection knowingly used perjured testimony.  Mere perjury itself does not merit habeas relief, but the prosecution's knowing use perjured testimony may.  See Smith v. Roberts, 115 F.3d 818, 820 n.2 (10th Cir. 1997).  The only indication of possible false or "perjured" testimony admitted at his trial is the victim's mother's testimony that she was petitioner's common law wife that was inconsistent with her statement in a separate case.  This testimony was relevant only to the aggravated incest charge, and as noted earlier, he has already obtained relief on this matter.  Moreover, in all of the various documents petitioner has filed in this court and the district court, he has failed to allege more than his bare conclusion that the prosecution knew the testimony was perjured.  His sixth issue also fails.

Petitioner's request for a certificate of probable cause is DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

William F. Downes
District Judge