**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL A. HODGES,

Petitioner-Appellant,

v.

MICHAEL ADDISON; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Defendants-Appellees.

No. 99-6226
(D.C. No. CIV-98-568-L)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Michael A. Hodges seeks review of a district court order denying his habeas petition on procedural and substantive grounds. The district court also denied a certificate of appealability (COA) under 28 U.S.C. § 2253(c). Upon review of petitioner's COA application/brief filed with this court, we conclude he has failed to show "that jurists of reason would find it debatable whether the district court was correct" in either its substantive constitutional analysis or its procedural rulings. *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). We therefore deny his COA application and dismiss the appeal. [1]

Petitioner was tried and convicted in Oklahoma of shooting with intent to kill and pointing a firearm at another during a standoff with law enforcement officers at his home. He received consecutive sentences of ten and two years, respectively, for the offenses. He filed a direct appeal raising seven issues. The Oklahoma Court of Criminal Appeals affirmed his conviction. Petitioner did not pursue any state post-conviction relief. After unsuccessful efforts to obtain relief through various, often informal and unconventional means, he commenced this § 2254 proceeding in district court. He designated twenty-nine grounds for relief, including many subordinate allegations of error. The magistrate judge found most

---

[1]    We do not find the appeal frivolous, however, and, consequently, we grant appellant's motion to proceed *in forma pauperis*. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *see, e.g.*, *Munkus v. Furlong*, 170 F.3d 980, 984 n.2 (10th Cir. 1999) (denying COA but granting IFP).

-2-

of the claims unexhausted, but, in accord with § 2254(b)(2), recommended denying them on other bases as an alternative to dismissing the petition.

A month after the magistrate judge issued the recommendation, petitioner moved for leave to file late objections. *See* 28 U.S.C. § 636(b)(1) (objections are to be served and filed within ten days). The district court eventually granted the motion and, some six months after the issuance of the magistrate judge's recommendation, petitioner filed his objections. The court noted these raised but four circumscribed arguments, and limited the scope of its review accordingly. *See id.* (requiring court to "make a de novo determination of those portions of the . . . proposed findings or recommendations to which objection is made"). Petitioner does not challenge this straightforward application of the controlling statute, nor would such a challenge in any event raise a question of sufficient merit to warrant granting a COA under the standard set forth in *Slack*.

Nevertheless, petitioner has submitted a 138-page appellate brief re-asserting many of his initial allegations and ignoring the narrowed scope of the dispute placed before the district court by his objections. "[W]e, like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v.*

-3-

*United States*, 950 F.2d 656, 659 (10th Cir. 1991)). [2] Thus, any issues omitted from a party's objections are waived. *See Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997); *see, e.g.*, *Connally v. Boone*, No. 97-6221, 1997 WL 760712 (10th Cir. Dec. 10, 1997) (applying waiver rule to issues omitted from objections in habeas case, and denying certificate of probable cause); *Graham v. Zavaras*, No. 96-1494, 1997 WL 642079, at **2 (10th Cir. Oct. 17, 1997) (same).

We therefore consider only those determinations made by the district court with respect to issues raised in petitioner's objections to the magistrate judge's recommendation. The first of these relates to petitioner's Motion to Grant Late Filing of Petitioner's Response to the Respondent's Brief, a request pending but not addressed when the magistrate judge issued his recommendation. The district court noted that neither its local rules nor the Rules Governing § 2254 Cases provided for such a sur-response and that, in any event, petitioner had the opportunity in his objections to argue any substantive matters he believed should have been addressed by the magistrate judge. Accordingly, the district court deemed the magistrate judge's failure to rule on the motion harmless, and then denied the motion itself. This commonsense handling of such a discretionary procedural matter does not provide any basis for granting a COA under *Slack*.

---

[2] The magistrate judge admonished the parties that failure to file objections would waive further review of the pertinent facts and law under *Moore*.

The district court rejected petitioner's second objection, regarding an alleged absence of pertinent trial and sentencing transcripts, by citing precisely where in the state court record these were to be found. Petitioner also complained about the absence of some other, collateral materials, but he did not explain why they were necessary or how they would undermine any of the magistrate judge's specific findings. Thus, petitioner's second objection does not provide a basis for issuing a COA.

Petitioner also disputed the magistrate judge's finding that he had not exhausted many of his claims. The district court properly deemed the matter immaterial in light of its adoption of the magistrate judge's alternative recommendation to deny the petition on the merits. This disposition obviously forecloses issuance of a COA to inquire into exhaustion.

Finally, petitioner's only specific objection to the magistrate judge's substantive analysis concerned his competency to stand trial.[3] "A petitioner is

---

[3] Petitioner also "object[ed] to the entire report," which he complained was "riddled with numerous misstatements of the facts and the facts presented so far out of context that the petitioner does question the source from which the findings are based on." At another point, he summarily listed without elaboration twenty of his underlying claims, introduced by the statement that he was "aver[ring] the following denial of Due Process of Law." Neither his unsubstantiated assertion of unspecified factual error, nor his mere recitation of claims without reference to error in their recommended disposition, were "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute," and therefore did not invoke appellate review. *One Parcel of Real Property*,

(continued...)

-5-

competent to stand trial if he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and if] he has a rational as well as factual understanding of the proceedings against him." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 567 (10th Cir. 2000) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). Two distinct claims may be raised in this regard: a procedural competency claim "alleging that the trial court . . . failed to hold a competency hearing after the defendant's mental competence was put in issue," *id.*, and a substantive competency claim "alleging he was, in fact, tried and convicted while mentally incompetent," *id.* at 569.

To prevail on a procedural competency claim, "petitioner must establish that the state trial judge ignored facts raising a bona fide doubt regarding [his] competence to stand trial." *Id.* at 567. "Evidence of irrational behavior, demeanor at trial, and prior medical opinion regarding competence are relevant to a bona fide doubt inquiry." *Id.* (quotation omitted). As in *Van Woudenberg*, the state trial and sentencing transcripts show petitioner, who testified at some length, "responded rationally, coherently, logically, and responsively to the questions asked." *Id.* at 568. He has never been adjudicated incompetent. There is some

---

[3](...continued)
73 F.3d at 1060; *see Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (holding general objection insufficient to preserve specific issues for appeal). *A fortiori*, they do not provide a basis for issuing a COA to enable such review.

history of alcohol abuse and an indication that petitioner was, in his own words, "a little bit mentally unstable about a year and a half [prior to sentencing] . . . due to a divorce." State Court Vol. 3 at 715. However, given the contemporaneous evidence to the contrary, these relatively minor and temporally remote matters do not raise a bona fide doubt that he was incompetent when he was tried.

To prevail on a substantive competency claim, petitioner would have to "demonstrate by clear and convincing evidence a real, substantial and legitimate doubt as to his competence to stand trial." *Van Woudenburg*, 211 F.3d at 569. "Because [petitioner] does not meet the less rigorous 'bona fide doubt' standard discussed above, *a fortiori* he fails to pass this more stringent test." *Id.*

We grant petitioner's motion for leave to proceed in forma pauperis, deny his application for a certificate of appealability, and dismiss the appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge