FILED
United States Court of Appeals
Tenth Circuit

October 29, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALVIN PARKER,

        Petitioner - Appellant,

v.

TERRY MARTIN, Warden,

        Respondent - Appellee.

Nos. 14-6111 and 14-6174
(D.C. No. 5:13-CV-01365-D)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Alvin Parker, a state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. As an initial matter, we grant Parker's motion to consolidate this appeal with his other appeal, No. 14-6174.[1] Because we

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist this appeal, so the case is ordered submitted without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] In that appeal, he argues that the district court should have granted his motion to amend or alter the judgment under Rule 59(e). The grounds for granting relief from a judgment under Rule 59(e) include: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The district court found that Parker had not established any ground for relief from

conclude that Mr. Parker has failed to make a substantial showing of the denial of a constitutional right in both appeals, we deny his request for a COA in each, and we dismiss this consolidated appeal.

Parker was convicted of second degree murder and sentenced to 199 years in prison. His conviction was affirmed on direct appeal. State court post-conviction relief was unsuccessful, as were his efforts to obtain federal habeas relief.

The current appeal involves Parker's filing of a successive § 2254 habeas corpus petition, claiming that a key witness, Glenn Briggs, has recanted his testimony naming Parker as the murderer. In December 2013, this court authorized Parker to file a successive § 2254 application, explaining that it was a close question of whether he had made the necessary showing under 28 U.S.C. § 2244(b). We concluded that it was unclear from the record whether this evidence related to a constitutional error as required by § 2244(b)(2)(B)(ii). Given that our order was only a preliminary determination, we left it to the district court to determine whether the petition actually satisfied the requirements of § 2244(b).

At the district court, a magistrate judge issued a report and recommendation, recommending that the successive habeas corpus petition be dismissed because it failed to meet the requirements of § 2244(b)(1)(B)(ii). The recommendation concluded that Parker's allegation of a constitutional error was baseless, and it recommended that the successive petition be dismissed because it failed to make the requisite showing to invest

the judgment under Rule 59(e). The district court denied Parker's motion. We affirm the district court.

the district court with jurisdiction to hear his claim on the merits. The magistrate judge also notified Parker of his right to object and explained that the failure to properly object would waive the right to appellate review of the factual and legal issues addressed in the report.

Parker objected to the magistrate judge's report and recommendation, arguing that his simultaneously submitted amended habeas corpus petition would "cure the jurisdictional defect in petitioner's original habeas corpus petition . . . ." The amended petition would ostensibly add the following constitutional claim: "The prosecutor's knowing use of perjured testimony violated petitioner's due process rights." The amended petition went on to explain that through a variety of inferences, it was supposedly clear that the prosecution had to know from the outset that Briggs had lied. The district court found that Parker's objection had failed to identify any error in the magistrate judge's analysis and presented no issue for decision. The district court adopted the magistrate's recommendation, discussing in depth the requirements of § 2244(b) and Parker's claims. It also denied Parker a COA under 28 U.S.C. § 2253(c)(2).

The denial of a motion for relief under § 2254 may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). To make such a showing, a petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Parker has not made the requisite showing, and accordingly, we deny his request for a COA.[2]

The district court correctly dismissed Parker's petition under § 2244(b)(2)(B)(ii). Both the petition and the amended petition (filed with the objection to the magistrate judge's recommendation) alleged the same constitutional error: the prosecution's knowing use of false testimony. The district court concluded that Parker "lacks any credible facts to establish the second element of a due process claim, that is, the prosecutor knew Briggs' identification of Petitioner was false." It found that Parker's allegations regarding perceived "inconsistencies in the evidence [and] deficiencies in the investigation" as insufficient to establish the prosecution's knowledge.

In his request for a COA from this court, Parker alleges to us the same set of circumstances and facts that he did to the district court, explaining that they raise "an inference that the prosecutor knew that Briggs falsely accused petitioner of murder . . . ." Under § 2244(b)(2)(B)(ii), Parker must show by clear and convincing evidence that but for the constitutional error, no reasonable jury would have found him guilty of the murder. To tie a recanting witness to a constitutional error, Parker must show that (1) the witness's testimony was in fact false; (2) the prosecution knew it to be false; and (3) the testimony was material. *United States v. Caballero*, 277 F.3d 1235, 1243–44 (10th Cir.

---

[2] There is a dispute regarding whether Parker waived his right to appeal the magistrate judge's recommendation. Without deciding the issue, we exercise our discretion to address the merits of whether Parker's claim warrants COA. Even if the district court improperly found that Parker had waived his right to appeal by not filing meritorious objections, our conclusion regarding a COA would be the same.

2002). Parker must establish all three elements. *See id.*; *see also, e.g.*, *Romano v. Gibson*, 239 F.3d 1156, 1175 (10th Cir. 2001) ("Even assuming the truth of [the recantation], however, [the defendant] has failed to assert any evidence indicating prosecutors knew [the] testimony was false.").

As to the first element, Parker offers a statement from Briggs, allegedly "signed under penalty of perjury," indicating "that he lied about petitioner having committed the murder." Regarding the second element, Parker admits there is no direct evidence establishing that the prosecution knew that the testimony was false. Instead, he relies "on inferences from established facts to establish that the prosecutor knew that the testimony was false." The district court found that the proposed inferences were "inconsistent with the trial evidence." We agree. As to the last element, Parker argues that absent the testimony from Briggs, he would not have been convicted of the murder, making it material.

Even assuming *arguendo* that Briggs' testimony at trial was false, we conclude that Parker has nonetheless failed to produce any evidence tending to show that the prosecution knew Briggs was lying. Bare conclusions are insufficient to meet the evidentiary requirement. *See, e.g.*, *Graham v. Zavaras*, 127 F.3d 1109, No. 96-1494, at *2 (10th Cir. Oct. 17, 1997) (unpublished) ("[I]n all of the various documents petitioner has filed in this court and the district court, he has failed to allege more than his bare conclusion that the prosecution knew the testimony was perjured."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Under

§ 2244(b)(2)(B)(ii), the facts underlying the claim must be "proven and viewed in light of the evidence as a whole."

Parker alleges a variety of inferences that can be made from the trial testimony, arguing they show the prosecution knew Briggs' testimony was false. However, there are equally (if not more) plausible inferences that can be made, tending to show that the prosecution did not know the testimony was false. Given that the prosecution had multiple eyewitnesses linking Parker to the scene and identifying Parker as having the same characteristics as the murderer and that he was found hiding the murder weapon, the prosecution had every reason to believe that Briggs was telling the truth when he identified Parker as the murderer. Given the competing inferences, we conclude that, in light of the evidence as a whole, Parker's evidence does not meet the standard required for § 2244(b)(2)(B)(ii). Because we conclude that Parker has not provided sufficient evidence establishing that the prosecution knew Briggs' testimony was false, we need not reach a conclusion as to the first or third elements for a due process claim. *See Cabellero*, 277 F.3d at 1243–44.

In his second appeal, consolidated here, Parker argues that the trial court wrongly denied his motion to be released on personal recognizance. As explained above, we must grant a COA in order to hear this appeal. Because he makes no argument whatsoever regarding the denial of a constitutional right, we deny his request for a COA as to this issue.

Accordingly, we deny his request for a COA from this court. We grant Parker's motion to supplement the record with the original habeas corpus petition. We deny

Parker's "motion to advance cause," seeking an early hearing, because the issue is moot. We deny Parker's request to proceed *in forma pauperis*. We dismiss this consolidated appeal.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge