FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ALVIN PARKER,

    Petitioner - Appellant,

v.

TERRY MARTIN, Warden,

    Respondent - Appellee.

No. 22-6091
(D.C. No. 5:13-CV-01365-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **MORITZ**, Circuit Judges.
_____

Alvin Parker, an Oklahoma prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal from the dismissal of what the district court deemed to be a successive 28 U.S.C. § 2254 motion.[1]  We deny a COA and dismiss this matter.

### I.  Background

In 1990, Mr. Parker was convicted of second-degree murder of a police officer and sentenced to 199 years in prison.  His conviction was affirmed on direct appeal and his state court post-conviction litigation was unsuccessful.  He also unsuccessfully sought

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Mr. Parker's pro se filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

federal habeas relief on three occasions.  In his third § 2254 motion, Mr. Parker claimed

the principal trial witness against him, Glenn Briggs, had recanted.  We granted

Mr. Parker authorization to pursue that claim in district court, *see* 28 U.S.C.

§ 2244(b)(3)(C), but the district court denied it.  We then denied a certificate of

appealability.  *Parker v. Martin*, 589 F. App'x 866 (10th Cir. 2014).

Mr. Parker then filed in the district court a "Motion to Vacate Judgment as Void,"

which he characterized as a motion under Fed. R. Civ. P. 60(b).  R. at 275.  The district

court, however, held the motion was an unauthorized attempt to file a successive § 2254

motion and therefore dismissed it for lack of jurisdiction.  Mr. Parker then filed a motion

to alter or amend the judgment under Fed. R. Civ. P. 59(e), which the district court also

denied.  Mr. Parker now seeks a COA.

## II.  Discussion

This matter may not proceed unless we grant a COA, *see* 28 U.S.C.

§ 2253(c)(1)(A), and we may not do so unless Mr. Parker "ma[kes] a substantial

showing of the denial of a constitutional right," § 2253(c)(2).  This means he "must

demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).  And he must make an extra showing here because the district court denied

his Rule 59 motion on procedural grounds, reaffirming that his Rule 60(b) motion

was actually an unauthorized § 2254 motion which the district court lacked

jurisdiction to review on the merits.  Thus, he must also show that "jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Mr. Parker contends his Rule 60(b) motion was not an attempt to file a successive § 2254 motion. We have reviewed the motion and agree with the district court that it was, in substance, a second or successive § 2254 motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) ("[A Rule] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."). In his Rule 60(b) motion, Mr. Parker disagreed with the district court's prior conclusion that one of his habeas claims lacked factual support. In other words, his motion attacked the district "court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). For that reason the district court correctly treated the purported Rule 60(b) motion as an unauthorized second or successive § 2254 motion. *See id.* Thus, no reasonable jurist could debate whether the district court in turn correctly denied Mr. Parker's Rule 59(e) motion.

### III. Conclusion

We deny Mr. Parker's application for a COA and dismiss this matter. We deny his motion for judicial notice, and we deny his motion for release on bail as

moot.  We grant his motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk