**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

STEVEN OLIN EVANS,

　　Defendant-Appellant.

No. 05-4309
(D.C. Nos. 2:04-CV-00242-DAK and
2:01-CR-603)
(D. Utah)

**ORDER**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Petitioner Steven Evans, appearing pro se, seeks a certificate of appealability

(COA) to appeal the district court's order dismissing his 28 U.S.C. § 2255 habeas corpus

petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny a COA, and dismiss

the matter.

I.

On October 17, 2001, Evans was charged with five counts of interfering with

commerce in violation of the Hobbs Act, 18 U.S.C. § 1951; three counts of bank robbery,

in violation of 18 U.S.C. § 2113(a); and four counts of using a firearm during a crime of

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

violence, in violation of 18 U.S.C. § 924(c).[1]  On June 13, 2002, Evan entered a plea of guilty, with the benefit of a plea agreement, to two counts of using a firearm during a crime of violence.  As part of the agreement, Evan executed "Statement by Defendant in Advance of Plea of Guilty."  The document specified in relevant part:

> I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:
>
> 1.  The nature of the charges against me to which I have agreed to plead guilty . . . have been explained to me.  I have had an opportunity to discuss the nature of the charges with my attorney, and I understand the charges and the elements that the Government is required to prove.
>
> . . .
>
> 4.  I know that I have a right to plead "Not Guilty," and I know that if I do plead, "Not Guilty," I can persist in that plea.
>
> 5.  I know that I have a right to a trial by jury . . . .
>
> 6.  I know that under a plea of guilty, there will not be a trial of any kind.
>
> . . .
>
> 11.  The only terms and conditions pertaining to this plea agreement between me and the Government are as follows:
>
> (a) I will plead guilty to counts 4 and 6 of the Indictment . . . .  The United

---

[1] We take judicial notice of Evans' indictment (Doc. 11), statement in advance of guilty plea (Doc. 39), and sentencing memorandum (Doc. 63), records available on the District of Utah's electronic case filing system.  See Van Woudenberg v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000) (observing that "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record") (citation omitted).

States will ask the Court to dismiss the remaining counts at the time of sentencing.

(b) The United States Attorneys Office . . . agrees not to bring additional charges that are currently under investigation . . . .

(c) I agree to make restitution for each of the robberies alleged in the indictment, with the exception of the robbery alleged in Count I . . . .

(d) I agree to waive my right to appeal the sentence and the right to collateral review of the convictions and sentence . . . .

. . .

14. I know I have a right to ask the Court any questions I wish to ask concerning my right[s], or about these proceeding[s] and the plea.

I make the following representations to the Court:

. . .

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

. . .

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, with a full understanding of my rights, with a full understanding of the facts and circumstances of the case, and with a full understanding of the consequences of the plea. I was not under the influence of any drugs, medications, or intoxicants when the decision to enter the plea was made, and I am not now under the influence of any drugs, medications, or intoxicants.

7. I have no mental reservations concerning this plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

Further, Evans' attorney certified that he had discussed the document with Evans, and that he believed that Evans was knowingly and voluntarily entering the guilty plea.

Prior to sentencing, Evans' attorney filed a lengthy sentencing memorandum outlining Evans' personal history and requesting that the district court depart below the mandatory minimum for Evans' convictions based on extreme mitigating circumstances. Nonetheless, on March 11, 2003, the district court sentenced Evans to the mandatory minimum on each count, for a total of 384 months' imprisonment. See 18 U.S.C. § 924(c)(1)(A)(ii), (c)(1)(C)(i) (providing for a term of imprisonment of not less than 7 years if the firearm is brandished, and a consecutive term of imprisonment of not less than 25 years in the case of a second or subsequent conviction). The district court also granted the government's motion to dismiss the remaining ten counts against Evans.

## II.

Unless the petitioner first obtains a COA, no appeal may be taken from a final order disposing of a § 2255 petition. See 28 U.S.C. § 2253(c)(1)(B). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In determining whether Evans has satisfied this burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework applicable" to each of his claims. Miller-El v. Cockrell, 537 U.S. 322, 338

(2003). To be entitled to a COA, Evans need not establish that his appeal will succeed. Instead, he must "prove something more than the absence of frivolity or the existence of mere good faith." Id. (internal quotations omitted).

Evans argues that his guilty plea was not knowing and voluntary because he was denied effective assistance of counsel during the plea process. First, Evans contends that prior to entering his guilty plea, his attorney advised him that if he pleaded guilty, the district court would depart below the mandatory minimum sentence based on his troubled childhood. Second, Evans asserts that his counsel did not notify the court about the government's failure to comply with a verbal agreement to file a motion for downward departure. Evans submits that both before he entered his guilty plea and prior to his sentencing, his attorney informed him that the government would file a motion to depart downward if Evans agreed to provide assistance to the government on another case. Evans claims that prior to his sentencing, he cooperated with the government and divulged valuable information, but that the government breached its verbal agreement to file a motion for downward departure. To this end, Evans believes that his counsel should have informed him about the possibility of a conditional plea pursuant to Fed. R. Crim P. 11(a)(2), so that he could have withdrawn his guilty plea when the government failed to file a motion for downward departure. Finally, Evans alleges that his counsel was ineffective for not filing a direct appeal raising these issues.

"[A] plea agreement waiver of postconviction rights does not waive the right to

bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). To establish ineffective assistance of counsel, a petitioner must show both that this counsel's performance was deficient, and that this deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Thus, for Evans to prevail, he must demonstrate "a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The district court, in summary fashion, denied Evans' petition "[f]or all the reasons set forth in the United States' Response [Brief]." In short, the government's brief argued that Evans could not establish the cause and prejudice necessary to support an ineffective assistance of counsel claim. We agree with the district court and conclude that no reasonable jurist could conclude that Evans made a substantial showing of a violation of his constitutional rights.

First, we reject Evans' contention that his attorney's performance was deficient because the district court did not depart below the mandatory minimum sentence based on his troubled childhood. In Evans' statement in advance of his guilty plea, he acknowledged that he understood the mandatory terms of imprisonment for two convictions under 18 U.S.C. § 924(c). Additionally, Evans' attorney filed an eighteen-page sentencing memorandum on Evans' behalf, arguing that Evans' personal history

warranted a departure. Of importance, the memorandum conceded that the court could not depart below the statutory minimum without a motion from the government. Thus, Evans' belief that the court would depart based on his troubled childhood is contradicted by the record.

Next, Evans' argument that the government breached an oral agreement to file a motion to depart downward is belied by the statements Evans made in advance of his guilty plea. Specifically, Evans confirmed the "only terms and conditions" of the plea agreement, and stated that "[n]o promises of any sort" induced or otherwise persuaded him to enter a guilty plea. Moreover, the sentencing memorandum filed by Evans' attorney does not support Evans' position that a side agreement existed between Evans and the government. We also concur with the government's position that a Rule 11 conditional plea would not have afforded Evans the relief he claims.

Lastly, Evans' attorney was not ineffective for failing to raise meritless issues, notwithstanding the fact that Evans waived his right to file a direct appeal. Before entering a guilty plea, Evans represented that he had discussed the charges with his attorney, that he understood his rights, and that he was satisfied with his attorney's performance. The district court sentenced Evans to the mandatory minimum sentence on both counts. His attorney advised him of these same terms of imprisonment before he entered his guilty plea. Accordingly, we have no difficulty concluding that Evans was provided competent representation, and that his guilty plea was knowing and voluntary.

Evans' request for a COA is DENIED, and this matter is DISMISSED.  Evans'

motion to proceed on appeal in forma pauperis is DENIED.


                                        Entered for the Court


                                        Mary Beck Briscoe
                                        Circuit Judge