**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH D. WEBBER,

      Plaintiff - Appellant,

vs.

VIRGINIA L. WEAVER; WILLIE
DURHAM; MIKE COSTANDZIA;
SEAN REEVES; GENIE BAUMANN,

      Defendants - Appellees.

No. 00-6093
(D.C. No. 99-CV-1566-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **KELLY** , and **MURPHY** , Circuit Judges. **

      Plaintiff-Appellant Kenneth D. Webber, a prisoner appearing pro se,

appeals from the district court's order dismissing his civil rights complaint. We

affirm.

Background

---

      * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

On October 8, 1999, Mr. Webber filed a complaint under 42 U.S.C. § 1983, asserting the following claims: "(1) Double Jeopardy, (2) Mali[c]ious Prosecution, (3) § 2255 Federal Plea agreement, (4) [U.S.S.G. §] 5.K.1. Plea agreement, (5) Conspiracy, (6) S[e]lective Prosecution, (7) Due Process and (8) Breach of Written or Verbal Contrac[t]." Doc. 2 at 2. As defendants, he named Genie Baumann, Virginia L. Weaver, the Honorable Charles G. Hill, [1] Mike Costandzia, Sean Reeves, and Willie Durham. Upon the magistrate judge's recommendation (Doc. 12), the district court dismissed the complaint as frivolous under 28 U.S.C. § 1915A and directed that the action count as a "prior occasion" under 28 U.S.C. § 1915(g). Doc. 15.

Except as otherwise indicated, the following statement of facts presumes that Mr. Webber's allegations are true. [2] After approximately three months in pre-

---

[1] Because Judge Hill was omitted from the list of defendants in the district court's docket sheet, his name does not appear in the caption of this Order and Judgment. See Fed. R. App. P. 12(a).

[2] Our understanding of the factual allegations in this case is informed by the record in a related appeal, formerly pending before this court. Less than three weeks after he filed his § 1983 complaint, Mr. Webber filed a petition for a writ of habeas corpus in the same court. The court denied both the petition and a certificate of appealability ("COA"). Webber v. Weaver, CIV-99-1681 (W.D. Okla.) (Docs. 10, 17). Mr. Webber sought a COA from this court, Webber v. Weaver, No. 00-6035 (10th Cir., ROA filed Mar. 23, 2000), but the case was subsequently dismissed on his Motion to Withdraw Notice of Appeal, filed January 12, 2001. The dismissal of the habeas appeal does not bar us from taking judicial notice of the record in that case, particularly given the fact that the district court considered the habeas petition and the § 1983 complaint as related cases. Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 568 (10th Cir.

trial custody, awaiting trial on several counts of grand larceny, second-degree burglary, and the like, Mr. Webber was released pursuant to a plea agreement. The agreement was negotiated by Ms. Baumann, his public defender, and Ms. Weaver, an assistant district attorney, and approved by Judge Hill. Its terms required Mr. Webber to plead guilty to grand larceny, to provide a statement in connection with that plea, and to assist state and federal officers -- namely, Det. Durham, Mr. Reeves, and Mr. Costandzia -- in their investigations of various ongoing crimes. In exchange, the state agreed to drop the other counts against him and reduce his sentence to time served. Although Mr. Webber fulfilled his obligations under the agreement, the state brought him back into custody and reinitiated proceedings against him on all charges, including those it had agreed to drop.

Mr. Webber entered a second plea agreement in early February 2000. According to documents filed by his custodian, seven judgments and sentences were entered against him on February 1, 2000; he received concurrent sentences of five years or less on each count. We assume without deciding that the second plea agreement did not waive any or all claims arising from the alleged breach of the first.

2000).

Because Mr. Webber's complaint does not allege that either Ms. Baumann or Mr. Costandzia acted "under color of state law," he has failed to state a cognizable § 1983 claim against either of those defendants. See Polk County v. Dodson , 454 U.S. 312, 321-22, 325 (1981) (public defender does not act under color of state law); Dry v. United States , 235 F.3d 1249, 1255-56 (10th Cir. 2000) (federal agent does not act under color of state law). Mr. Webber has also failed to state a claim against Mr. Reeves. See Riddle v. Mondragon , 83 F.3d 1197, 1202 (10th Cir. 1996) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based . . . .") (citation omitted) . In addition, Ms. Weaver and Judge Hill are absolutely immune from liability for damages under § 1983. See Imbler v. Pachtman , 424 U.S. 409, 424-28 (1976) (prosecutorial immunity); Pierson v. Ray , 386 U.S. 547, 553-54 (1967) (judicial immunity). Even if we set aside the foregoing principles, the entire complaint fails to state a claim. See Heck v. Humphrey , 512 U.S. 477 (1994).

Where a prisoner's § 1983 claim, if successful, "would necessarily imply the invalidity of his conviction or sentence," id. at 487, the "prisoner . . . has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

corpus." Id. at 489. If Mr. Webber prevailed on his claim that the defendants unconstitutionally breached the April 1999 plea agreement, that result would necessarily imply that his current sentence was invalid. Thus, Heck is clearly applicable, and Mr. Webber cannot state a claim under § 1983. Id. at 483, 487, 489. The fact that Mr. Webber filed his complaint in October 1999, before he was convicted and sentenced in February 2000, is immaterial.

Although the court below properly rejected Mr. Webber's claims against each defendant on the basis of immunity (e.g., Ms. Weaver and Judge Hill) or failure to state a claim (e.g., Ms. Baumann, Mr. Reeves, Mr. Costandzia, and Mr. Durham), the court ultimately dismissed the complaint as "frivolous". It is well-settled that a complaint that fails to state a claim upon which relief may be granted is not necessarily frivolous. Neitzke v. Williams, 490 U.S. 319, 328-29 (1989). A complaint is frivolous only if it lacks any arguable basis in law or fact. Id. at 325. Here, the district court did not explain -- nor can we discern -- the basis for its judgment that Mr. Webber's complaint not only failed to state a claim, but was in fact frivolous.

"[T]his court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for abuse of discretion." Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir. 2000). In most cases, the result is the same under either standard. E.g., id.

Although the standard of review might make a difference to our legal characterization of the complaint in this case, we nonetheless leave the question for another day. Regardless of whether the complaint is legally frivolous or merely fails to state a claim, we would affirm the judgment below. Both frivolousness and failure to state a claim are grounds for mandatory dismissal under § 1915A. In addition, a dismissal on either ground is a "prior occasion" or "strike" under § 1915(g), the so-called "three strikes" provision. [3]

Although we affirm the district court's decision to dismiss the complaint under § 1915A(b)(1), as well as the court's direction that the complaint be classified as a "prior occasion" under § 1915(g), we hold that Mr. Webber's appeal was not frivolous. Accordingly, the appeal may not be counted as a second "prior occasion." See Jennings v. Natrona County Detention Center, 175 F.3d 775, 780 (10th Cir. 1999) ("Under the plain language of the statute, only a dismissal may count as a strike, not the affirmance of an earlier decision to dismiss."). The Heck rule is not a simple one, nor is its applicability to a

---

[3] The "three strikes" provision renders in forma pauperis status unavailable to any prisoner who has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

- 6 -

complaint filed prior to a conviction immediately apparent. Section 1915(g) does not require that a pro se litigant be penalized for his failure to fully comprehend the implications of such a complex legal doctrine with respect to his case.

The district court's judgment is therefore AFFIRMED, as modified by this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge