**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SOLOMON BEN-TOV COHEN,

    Plaintiff-Appellant,

v.

AGENT JASON CLEMENS,
Immigration & Customs Enforcement;
SHANA MARTIN, Assistant Chief
Counsel, Dept. of Homeland Security,

    Defendants-Appellees.

No. 08-1394

(D.C. No. 08-cv-1991-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Solomon Ben-Tov Cohen, an alien detainee appearing pro se,[1] seeks review of the district court's dismissal of his complaint. He also requests leave to proceed on appeal in forma pauperis.

I

In his complaint, Cohen alleged that Defendants Jason Clemens, Agent, U.S. Immigration and Customs Enforcement, and Shana Martin, Assistant Chief Counsel, Department of Homeland Security, falsified and failed to file immigration forms related to his pending immigration case, thereby causing him to be denied release on bond.[2] Cohen asserted his claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the federal mandamus statute, 28 U.S.C. § 1361, and the "Federal Alien Tort Act," which the district court construed as a reference to 28 U.S.C. § 1350.[3]

_____

[1] As he is proceeding pro se, we have construed Cohen's pleadings liberally. Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

[2] Cohen does not explicitly enumerate in his complaint the constitutional rights he believes were violated by the alleged falsification and failure to file his immigration forms. However, we read his pro se complaint liberally to allege due process violations under the Fifth Amendment. Cohen's appeal includes a request to amend his complaint "[t]o include explicitly (as was implicitly included) [a] claim that Plaintiff['s] rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution were violated." Aplt. Br. at 8 (emphases omitted).

[3] The Alien Tort Statute, 28 U.S.C. § 1350, grants federal district courts jurisdiction to hear civil suits by aliens alleging torts committed in violation of the law of nations or a treaty of the United States. Cohen's complaint fails to allege that Defendants committed any violations of the law of nations or a United
(continued...)

-2-

Cohen sought damages, a declaration that Defendants' actions were unlawful, and the correction of official records. Before Defendants appeared and without notice to Cohen, the district court dismissed his complaint sua sponte on October 1, 2008.

On appeal, Cohen contends that the district court erred by applying Heck v. Humphrey, 512 U.S. 477 (1994), to his action, and by failing to consider alternatives to the dismissal of his complaint. Cohen also argues that the district court erred by stating that mandamus relief was only appropriate if Cohen had first exhausted his administrative remedies.

II

The district court did not specify under what authority it dismissed Cohen's complaint. However, we review the district court's sua sponte dismissal of a complaint, whether it was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) or Fed. R. Civ. P. 12(b)(6), under a similar standard.

> For the purposes of the Due Process Clause, the standard
> for dismissal for failure to state a claim is essentially the
> same under both provisions. Compare Perkins [v. Kan.
> Dep't of Corr.], 165 F.3d [803,] 806 [(10th Cir. 1999)]
> ("Dismissal of a pro se complaint for failure to state a

---

[3](...continued)
States treaty. Therefore, the Alien Tort Statute does not apply to his claims. Even if the Alien Tort Statute were to apply, Heck v. Humphrey, 512 U.S. 477 (1994), would bar Cohen's claims. Cf. Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995) (applying Heck to tort claims pursuant to the Federal Tort Claims Act).

claim [under § 1915(e)(2)(B)(ii)] is proper only where <u>it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend</u>." (emphasis added)), <u>with Hall [v. Bellmon]</u>, 935 F.2d [1106,] 1109-10 [(10th Cir. 1991)] ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte when <u>it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile</u>." (quotation marks omitted) (emphasis added)).

<u>Curley v. Perry</u>, 246 F.3d 1278, 1283 (10th Cir. 2001). Under either standard, we affirm the sua sponte dismissal of Cohen's complaint because it is obvious that Cohen cannot prevail, and it would be futile to give him an opportunity to amend his complaint at this time.[4]

In Cohen's <u>Bivens</u> claim, he requested damages "for incarceration from June 1st, 2000 until plaintiff is released with or without bond." Compl. at 8 (Doc. 3) (emphases omitted). The district court held, and we agree, that <u>Heck</u> bars Cohen's claims for damages because success on those claims would necessarily imply the invalidity of Cohen's detention. Order of Oct. 1, 2008, at 2. On appeal, Cohen contends that the district court erred by applying <u>Heck</u>, because, Cohen argues, <u>Heck</u> only applies to claims arising out of criminal cases, and not

---

[4] The district court dismissed the complaint without prejudice. Should Cohen succeed in challenging the legality of his detention in his pending habeas corpus petition, <u>see</u> <u>Cohen v. Mukasey</u>, No. 08-cv-01844-LTB-CBS (D. Colo. Filed Aug. 28, 2008), he could certainly refile his complaint.

-4-

those arising out of civil immigration proceedings and detentions.

In Heck, the Supreme Court held that no cause of action exists under 42 U.S.C. § 1983 for actions that, if proven, would "necessarily imply" the invalidity of an underlying conviction or sentence, unless that conviction or sentence is first properly invalidated, either on appeal or through habeas corpus proceedings. Heck, 512 U.S. at 487. The Supreme Court stated: "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . ." Id. at 486.

The rule in Heck is not limited to § 1983 claims; we have held that "Heck applies to Bivens actions." Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). Additionally, the rule in Heck is not limited to claims challenging the validity of criminal convictions. See Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck to a § 1983 claim challenging procedures used to deprive a prison inmate of good time credits); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying Heck to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996) (applying Heck to a § 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges). Because Cohen would need to

prove that his detention was unlawful in order to receive an award of damages for that detention, the district court correctly concluded that Heck applied to bar Cohen's Bivens action.

Cohen states that "[t]here is no requirement for the exhaustion of alternative remedies," and argues exclusively that exhaustion is not required in Bivens actions. Aplt. Br. at 9 (emphasis omitted). However, the district court only mentioned exhaustion of administrative remedies when discussing Cohen's request for mandamus relief. The district court's statement of law regarding exhaustion of administrative remedies under mandamus was correct. See Heckler v. Ringer, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." (emphasis added)); Bartlett Mem'l Med. Ctr., Inc. v. Thompson, 347 F.3d 828, 835 (10th Cir. 2003) (citing Ringer). Furthermore, "mandamus is a drastic remedy that is to be invoked only in extraordinary situations." In re Antrobus, 519 F.3d 1123, 1124 (10th Cir. 2008) (internal quotations omitted). We have not been presented with such an extraordinary situation in this case.

Cohen argues that the district court also erred by failing to consider alternatives to the dismissal of his complaint. See Aplt. Br. at 7. However, the district court's dismissal without prejudice of Cohen's complaint was proper

because it is obvious that Cohen cannot prevail, and it would be futile to give him an opportunity to amend his complaint at this time.

Finally, we deny Cohen's motion to proceed in forma pauperis, which is filed pursuant to the 1996 Prison Litigation Reform Act (PLRA). Under the PLRA, indigent prisoners need not pay federal court filing fees in full prior to initiating litigation or an appeal. See 28 U.S.C. § 1915(b)(1). "Prisoner" is defined under the PLRA as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). However, the provisions of the PLRA do not apply to Cohen, because he is an alien detainee in immigration custody, and not a "prisoner" under the statute. See Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002) ("[T]he filing fee requirements of the PLRA do not apply to an alien detainee proceeding in forma pauperis . . . ."); LaFontant v. INS, 135 F.3d 158, 165 (D.C. Cir. 1998) ("[A]n incarcerated alien facing deportation is not a 'prisoner' for purposes of the PLRA."); Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997) ("[T]he PLRA does not bring alien detainees within its sweep."). Therefore, the fee provisions of the PLRA do not apply to his petition.

The district court is AFFIRMED. The request to proceed on appeal in forma pauperis pursuant to the PLRA is DENIED.

Entered for the Court,


Mary Beck Briscoe
Circuit Judge