FILED
United States Court of Appeals
Tenth Circuit

April 21, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOSEPH C. IPPOLITO,

        Plaintiff - Appellant,

v.

JUSTICE SERVICE DIVISION,
Court/Pretrial Services Agency; KURT
PIERPONT, Court Services Agency
Manager, in his official and individual
capacities; LESLIE HOLMES, Court
Services Agency Supervisor, in her
official and individual capacities;
MELINDA ROSE, Court Services
Agency/Pretrial Case Manager, in her
official and individual capacities;
INTERVENTION COMMUNITY
CORRECTION SERVICES, (ICCS
Facility); CHRISTOPHER
NANDREA, ICCS Out Client SVCS
Manager, in his official and individual
capacities; ASHLEA NEAL, ICCS Out
Client SVCS Manager, in her official
and individual capacities; SHAWANA
M. GREEN, ICCS Out Client SVCS
Supervisor, in her official and
individual capacities; NORCHEM
DRUG TESTING LABORATORIES;
A. FISCHINGER, SC. Dir., Ph.D:
Norchem Labs, in his official and
individual capacities; JOHN & JANE
DOES, et al. X-XL 1-100,

        Defendants-Appellees.

No. 14-1079
(D. Colorado)
(D.C. No. 1:13-CV-03480-LTB)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

The Plaintiff, Mr. Joseph C. Ippolito, was released pending trial in Colorado. According to the complaint, he was subjected to sobriety testing as part of the release conditions. Based on test results, authorities revoked Mr. Ippolito's pretrial release. After unsuccessfully seeking habeas relief, he sued for damages under 42 U.S.C. § 1983, claiming denial of due process, invasion of his right to privacy, failure to provide proper disclosure and consent forms, violation of state and federal requirements for the disclosure of personal information, and denial of equal protection.[1] The district court dismissed the complaint without prejudice

---

[*] The Plaintiff requests oral argument in his appeal brief. But we conclude that oral argument would not materially assist in deciding the case; thus, we decline to conduct oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment can be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[1] Mr. Ippolito later filed a document identified as a first amended complaint. R. at 84-95. Ordinarily, the filing of the first amended complaint would supersede the original complaint, but that would prove inequitable to Mr. Ippolito. The first amended complaint does not list any parties or causes of action. Instead, Mr. Ippolito simply listed provisions that he presumably regards as relevant to his claims. *See id.* Thus, we assume that Mr. Ippolito intended to keep all of the claims asserted in the original complaint.

2

based on prematurity under *Heck v. Humphrey*, 512 U.S. 477 (1994).[2]  Mr. Ippolito

appeals and seeks leave to proceed *in forma pauperis*.  We grant leave to proceed

*in forma pauperis* and affirm the dismissal.

## Leave to Proceed *in Forma Pauperis*

Mr. Ippolito qualifies to proceed *in forma pauperis* because he lacks the

money to prepay the filing fee.

Under federal law, an appellant cannot proceed *in forma pauperis* if he is

not proceeding in good faith.  *See* 28 U.S.C. § 1915(a)(3) (2012).  We do not

question Mr. Ippolito's good faith.  As discussed below, we conclude that *Heck*

precludes recovery on the claim involving Mr. Ippolito's pretrial detention.  But

"[t]he *Heck* rule is not a simple one, nor is its applicability to a complaint filed

prior to a conviction immediately apparent."  *Webber v. Weaver*, No. 00-6093, 6 F.

App'x 706, 709 (10th Cir. 2001) (unpublished).[3]  As a result, we grant leave to

proceed *in forma pauperis*.

## The Appeal

In *Heck v. Humphrey*, the Supreme Court held that a cause of action under

§ 1983 is premature if an award for the plaintiff would necessarily imply the

invalidity of a conviction or sentence through a direct appeal, order of

---

[2]     The district court alternatively concluded that the action was frivolous and subject to dismissal with prejudice.

[3]     The quoted language in *Webber* is not precedential, but is persuasive.  *See* 10th Cir. R. 32.1(A).

3

expungement, decree of collateral relief, or writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. at 486-87. The district court held that *Heck* applies when a damage award would imply the invalidity of pretrial detention, as well as a conviction or sentence. *Ippolito v. Justice Service Division*, 2014 WL 459757, at *2 (D. Colo. Feb. 4, 2014) (unpublished). Applying this extension of *Heck*, the district court concluded that Mr. Ippolito's claim was barred. *Id.*

We agree. In an unpublished opinion, we have applied *Heck* to a civil claim involving pretrial detention. *Cohen v. Clemens*, No. 08-1394, 321 F. App'x 739, 742 (10th Cir. 2009) (unpublished). This opinion is persuasive in the present case. *See* 10th Cir. R. 32.1(A). Mr. Ippolito alleges numerous efforts to obtain habeas relief. Though he did not succeed, this procedure was available for a meritorious challenge to the imposition of sobriety testing or revocation of release conditions. *See Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 924 (10th Cir. 2008) (stating that pretrial detention can be challenged through a habeas petition brought under 28 U.S.C. § 2241). Thus, *Heck* precludes recovery of damages for Mr. Ippolito's pretrial detention in the absence of a prior award of habeas relief.

Mr. Ippolito does not present any reason to reject the district court's application of *Heck*. Thus, we affirm the dismissal without prejudice.[4]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[4] In light of this conclusion, we do not reach the district court's alternative conclusion that the action is subject to dismissal with prejudice on the ground of frivolousness.